# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAUN DEMARR WANZO,

      Plaintiff,

  v.                              Case No. 07-C-50

LISA WESLEY,

      Defendant,

## DECISION AND ORDER

Plaintiff Shaun Wanzo, who is incarcerated at the Oshkosh Correctional Institution, lodged a pro se a civil rights complaint under 42 U.S.C. § 1983.[1] This matter comes before the court on plaintiff's petition to proceed in forma pauperis and his "Motion for Appointment of Counsel." Both requests will be addressed herein.

### I. PETITION TO PROCEED IN FORMA PAUPERIS

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from

---

[1] The plaintiff has filed his action pursuant to 42 U.S.C. § 1983 which creates a cause of action against state actors but the only named defendant is an Assistant United States Attorney – a federal actor. Considering plaintiff's pro se status, the complaint will be liberally construed as brought under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) (authorizes suits for violations of civil rights by federal officials).

plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner was assessed an initial partial filing fee of $10.09 and on March 20, 2007, he paid a partial filing fee of $10.16.

## II. SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

2

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The decision of the United States Supreme Court in Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers. Thus, to state a claim for relief against a federal defendant under Bivens, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of federal law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights

3

complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

The plaintiff alleges that the defendant violated his procedural due process rights under the Fifth Amendment, (the federal counterpart to the Fourteenth Amendment), by transferring his money that had been seized by the United States Department of Justice Drug Enforcement Administration (DEA) to the state court to be deposited into a designated fund without conducting a civil forfeiture proceeding. The complaint contains the following factual allegations. Plaintiff was arrested on February 8, 2006, for possession with the intent to distribute THC. On that same date, his residence was searched by the "Drug Unit of the Milwaukee Police Department" who seized "$7,207 and turned it over to the [DEA]." (Complaint at 6.)

The plaintiff was charged in state court and pled guilty to possession with intent to distribute THC and felon in possession of a firearm. (Complaint at 7.) At the plea hearing, the state prosecutor allegedly "breached the plea agreement by attempting to require the $7,207 be donated to the Howard Fuller organization." (Complaint at 7.) On May 11, 2006, the presiding judge, Judge Moroney, ordered that plaintiff to contribute $7,207 to the Dr. Howard L. Fuller organization (a crime prevention organization) should funds become available but recognized that he lacked jurisdiction over the funds at that time because such funds were held by the DEA.

Plaintiff contends that on March 17, 2006, he had received notice of the seizure from the DEA which advised him that he had the right to request remission or mitigation of forfeiture within 30 days of receipt of the notice and that he had the alternative right to

4

contest the forfeiture in the United States District Court. (Complaint at 6.) He maintains that "[w]ithin a week of receving the notice [he] requested remission or mitigation and filed a claim to contest the forfeiture . . . ." (Complaint at 7.) On June 10, 2006, he wrote a letter to the U.S. Attorney of the Eastern District of Wisconsin inquiring into the "next step of the process of obtaining [his] seized currency." (Complaint at 7.) He received a letter from the defendant, Assistant United States Attorney Lisa Wesley which advised him that no civil forfeiture complaint had yet been filed against the seized currency and that the government's deadline for filing a civil forfeiture complaint was August 16, 2006. (Complaint at 8.)

Thereafter, he received a letter from the defendant on July 24, 2006, along with a proposed settlement agreement which asked plaintiff to agree to "return $1,140.50 of the seized funds to the Milwaukee County Clerk of the Circuit Court to fully satisfy [his] outstanding state court financial obligation" and to consent to "the administrative forfeiture of the remaining $6,066.50 to the United States of America to be disposed of according to law . . . ." (Complaint at 8 and Attached Stipulation and Settlement Agreement.) In addition, the defendant's letter advised the plaintiff that the government intended to file a civil complaint seeking forfeiture of the seized currency if the plaintiff did not sign and return the settlement agreement by August 7, 2006. Plaintiff informed the defendant by letter that he refused to sign the stipulation and wanted his day in court. No civil forfeiture action was commenced. Instead, by letter of August 30, 2006, the defendant informed the plaintiff that the seized currency had been forwarded to the Dr. Howard L. Fuller Educational Foundation in accordance with the state court order entered by Judge Moroney on May 11, 2006. (Complaint at 8 and Attached Letter of August 30, 2006.)

5

The plaintiff argues that the defendant's transfer of the seized money to the designated fund without a civil forfeiture proceeding deprived him of property without due process of law. As relief, he seeks return of the money in its entirety.

The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law. From these "cryptic and abstract words," the United States Supreme Court has determined that individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." Dusenbery v. United States, 534 U.S. 161, 167 (2002) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) and United States v. James Daniel Good Real Property, 510 U.S. 43, 48 (1993)). Analysis of a due process claim begins with determining whether the plaintiff has a liberty or property interest with which the Federal government has interfered. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (analyzing state counterpart in the Fourteenth Amendment). Once an individual claiming a due process violation establishes that he has a protectable interest, the court must determine what procedural safeguards are required to protect that interest.

At this stage of the proceedings, I believe that the plaintiff has alleged enough in his complaint to state a due process claim under the Fifth Amendment.[2]

### III. MOTION FOR THE APPOINTMENT OF COUNSEL

---

[2] Because the plaintiff is not seeking an award of damages against the defendant, the doctrine of prosecutorial immunity does not require dismissal of this action against the defendant.

Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1).  Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)).  "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." Zarnes, 64 F.3d at 288.  Once this threshold burden has been met, the court must address whether, given the difficulty of the case, the plaintiff appears to be competent to try the case him or herself and, if not, whether the presence of counsel is likely to make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

Here, plaintiff states only that he would like counsel appointed because the issues are complex, he has limited knowledge and understanding of the law and the legal materials contained in the prison law library are inadequate.  The plaintiff provided no indication that he attempted to obtain counsel prior to filing his motion.  Thus, he has not satisfied his burden of demonstrating that he has made reasonable efforts to obtain counsel and that such efforts were unsuccessful.   To meet his threshold burden, plaintiff must provide the court with the names and addresses of counsel he has contacted.  Moreover, contrary to the plaintiff's assertion, the court does not believe that this case involves unusually complex legal issues.  Accordingly, the plaintiff's motion for the appointment of counsel will be denied, without prejudice.

## IV. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed <u>in forma pauperis</u> be and hereby is **GRANTED**.

**IT IS ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $339.84 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P.

5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or to her attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 22 day of May, 2007.

/s_____
LYNN ADELMAN
District Judge

9