# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHAUN DEMARR WANZO,**
     **Plaintiff,**

    v.                                               Case No. 07-C-50

**LISA WESLEY,**
     **Defendant,**

## DECISION AND ORDER

Pro se plaintiff Shaun Wanzo, a Wisconsin prisoner, brings this § 1983 action against Assistant United States Attorney Lisa Wesley, alleging that she violated his Fifth Amendment right to due process by transferring $7207 seized from him and held by the Drug Enforcement Administration ("DEA") to a fund designated by a state court without first bringing a civil forfeiture action. Plaintiff asks that the $7207 be returned to him. Previously, I construed plaintiff's suit as a Bivens action. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) (authorizing suits for violations of civil rights by federal officials). Defendant now moves for summary judgment.

The facts are as follows: local police officers arrested plaintiff on drug and gun charges and seized $7207, which they turned over to the DEA. Subsequently, plaintiff pleaded guilty to two felonies in state court. The court sentenced defendant to prison and also ordered that if the seized money were not forfeited to the federal government, it should be turned over to a crime prevention organization in Milwaukee County, the Howard L. Fuller Educational Foundation. Plaintiff did not appeal his conviction or his sentence. Defendant did not pursue a federal forfeiture action with respect to the $7207 but directed that the government turn the money over to the Fuller Foundation, which it did.

Plaintiff argues that defendant deprived him of property without due process by turning the $7207 over to the Fuller Foundation. His contention is that the state order requiring the money to be turned over to the Fuller Foundation if it were not forfeited to the federal government was unlawful because when the state court entered the order, the $7207 was in the custody of the federal government. (<u>See</u> Pl.'s Compl. at 6-7.) Plaintiff asks me to find such order unlawful and to order that the money be returned to him.

However, the <u>Rooker-Feldman</u> doctrine bars federal district courts from reviewing state court decisions. <u>See</u> <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413 (1923). Under <u>Rooker-Feldman</u>, district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005); <u>see also</u> <u>Holt v. Lake County Bd. of Comm'rs</u>, 408 F.3d 335, 336 (7th Cir. 2005). In the present case, plaintiff is a state court loser – he objects to the $7207 financial penalty that the state court imposed on him as part of his criminal sentence – and he asks me to reject that portion of the state court judgment and order that the $7207 be returned to him. However, under <u>Rooker-Feldman</u>, I have no jurisdiction to do this. Absent the state court judgment, plaintiff would not have the injury he now seeks to redress, <u>Holt</u>, 408 F.3d at 336, and if I granted plaintiff the relief he seeks, I would "effectively reverse" the state court's judgment, <u>Maple Lanes, Inc. v. Messer</u>, 186 F.3d 823, 825-26 (7th Cir. 1999). "The <u>Rooker-Feldman</u> doctrine does not permit this result." <u>Maple Lanes</u>, 186 F.3d at 826.

Even if I assume that I have subject-matter jurisdiction over plaintiff's claim, his claim nevertheless fails. In order to prevail on his deprivation of due process claim, plaintiff must establish that he had a property interest in the $7207 that the police seized in the course of arresting him. A property interest derives not from the Constitution but from "an independent source such as state law . . . rules or understandings." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). In the present case, the state court's order requiring that in the event that the $7207 was not forfeited to the federal government it be turned over to the Fuller Foundation deprived plaintiff of whatever property interest he may have had in such funds. As stated, plaintiff made no effort to appeal the state court judgment extinguishing any right he may have had to the seized money, and it is entitled to full faith and credit. See 28 U.S.C. § 1738. Therefore, for this reason also, plaintiff's claim fails.[1]

**Therefore,**

**IT IS ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction.

**ALTERNATIVELY, IT IS ORDERED** that the case is **DISMISSED** on the merits.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined, to Lennie Lehman, Assistant United States Attorney, 530 Federal Courthouse, 517 E. Wisconsin Avenue, Milwaukee, WI 53202, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

---

[1] In this decision, I hold only that I lack jurisdiction to review the state court judgment and, alternatively, that the judgment extinguished any property interest of plaintiff's. I take no position on defendant's handling of the case.

3

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 29 day of August, 2008.

/s\
LYNN ADELMAN\
District Judge